Story *v.* Baird.

———

MARY STORY vs. A. D. BAIRD, executor of N. Dubois, deceased.

———

A notice to a plea, stating only the coverture of the plaintiff before, and at the time of making the note mentioned in the declaration, without showing that there had been a purchase by settlement, a receipt of the money by the husband in his

Story *v.* Baird.

life time, an assignment by him for a valuable consideration, a release of the debt, or any other special matter to defeat the plaintiff's title by survivorship, will be overruled with costs.

The law distinguishes between those rights in action, which exist before coverture, and those which arise afterwards, only because in the former case, the husband and wife must join in the action. Whereas in the latter case, they may sue jointly, or the husband may sue alone at his pleasure. But in either case, whether the right in action existed prior to or accrued during coverture, the general rule, both at law and in equity, is, that choses in action, *remaining such* at the death of the husband, survive to the wife, unless the husband has *purchased* them by a settlement on his wife, before or after marriage ; assigned them for a valuable consideration, or released the claim.

This was an action of assumpsit. The first count in the declaration, was on a *note of hand,* given to the plaintiff, *Mary Story,* dated nineteenth August, eighteen hundred and twenty-four, for two hundred and sixty-seven dollars. payable first of April, eighteen hundred and twenty-five, with interest from first April, eighteen hundred and twenty-four. It also contained the common counts. The only plea was, *non assumpsit.*

To this plea was added a notice in the following words, viz :

To Peter D. Vroom, esq.  
    Attorney of Mary Story.

Sir—Take notice that the above named defendant, on the trial of this cause, will give in evidence, and insist, according to the statute, in such case made and provided, under the plea of the general issue, that the above named plaintiff, before and at the time of the making of the said several promises and undertakings mentioned in said declaration, if any such were made, was a feme covert, to wit, the wife of one ———— Brotherton, who hath since departed this life intestate, and that letters of administration have, in due form of law, been granted on his estate to                     who by means thereof, hath become entitled to all the benefit and advantage from the cause of action mentioned in said declaration, if any cause there be.

    Yours, &c.

        James S. Nevius, attorney of defendant.

The plaintiff gave notice of a motion to strike out this notice ; and the question was submitted to the court, upon the written argument of counsel.

*Southard*, in support of the motion.

*Nevius* and *Wood*, contra.

The opinion of the court was delivered by the Chief Justice.

HORNBLOWER, C. J.   The declaration is on a promissory note, given by Dubois to the plaintiff; and contains also the common money counts.   The defendant has pleaded the general issue ; with a notice of special matter, amounting in substance to this, that the plaintiff at the time of making the promises, was a married woman, that her husband has since died, and that administration has been granted upon his estate ; but there are blanks left in the notice, for the name of her husband, and of his administrator.   A motion is now made to strike out this notice, on two grounds.   First, because it does not state with sufficient particularity, the facts relied on and intended to be given in evidence ; and secondly, because the facts stated in the notice, do not, if true, constitute a legal bar to the action. If the blanks left in the notice, are intended to be urged as defects, the motion must be sustained and the notice stricken out; for the name of the plaintiff's husband is material, and nothing which would be matter of substance in a plea, must be omitted in a notice.   *Tillou* v. *Britton*, 4 *Halst. Rep.* 128.   It would not, however, be satisfactory to either party, nor contribute to the final settlement of this cause, to overrule this notice, upon a mere formal objection, without expressing an opinion on the merits, or rather on the law of the case, intended no doubt to be raised for the consideration of the court.   The notice contains, substantially, three distinct facts.   1st. The coverture of the plaintiff when the promissory note was made.   2d.   The death of her husband ; and 3rd, that administration has been granted upon his estate.   On these three distinct matters, the only material one, is the first, viz : that the plaintiff was a feme covert when the note was made—because, if that simple fact does not of itself, constitute a bar, the subsequent death of her husband could not make it so.   That event *may* give her a right of action which she would not have if her husband was living ; but the mere fact of his death, cannot be a bar to her recovery ; unless she might have sued alone in his life time, and by some rule or principle of law, his death has defeated her right to sue, or transferred it to another. It is equally difficult

to discover, how the fact that administration has been granted, either by itself, or taken in connection with the other two facts, can become a necessary, proper, or material averment. The plaintiff's right of action can, by no legal possibility, depend upon, or be at all affected, by the question, whether administration has or has not been granted. If she has a title to the note, and a right of action upon it, the granting of letters, cannot impair her title or defeat her action: and if she has no such right, the non existence of an administrator cannot give it to her. If, then, the matters contained in this notice, had been put in the shape of a plea, it must have been overruled on special demurrer, for duplicity and irrelevancy. But we are not obliged to strike out the whole of a notice because a part of it is bad. If the mere fact that the plaintiff was a feme covert when the promise was made, is a legal bar to her recovery, that part of the notice must stand. This brings us to a real question in the cause: Can a woman who has survived her husband, *in any case,* bring an action in her own right, on a note, bond, or other chose in action, accruing to her during coverture? The question is put in this general form, because, if coverture, at the time of promise, is not of itself, a complete bar, then the plea or notice ought to go further, and shew those facts or circumstances which take away her right of action in this particular case. Otherwise, such a plea would be bad on a general demurrer.

It must be admitted, that upon general principles, if the husband survives his wife, he has a perfect right to all the chattels personal in possession, as well as choses in action, which belonged to her in her own right, at the time of the marriage, or which accrued to her in like manner, during coverture; whether he reduced them to possession in his life time or not. This right of the surviving husband was confirmed, if not derived from the *29th Car. 2 chap.* 3 *sec.* 25, of which the 15th section of our act concerning executors, &c. *Rev. Laws* 179, is a transcript.

So complete is this right, that if the husband survives his wife, and takes out administration upon her estate, but dies before he reduces her rights in action to his possession, her administrator *de bonis non,* is considered a trustee for his repre-

sentatives or next of kin.   *Betts* v. *Kempton*, 2 *Barn. & Aldol.*
267 ; (22 *Eng. Com. Law. Rep.* 71;) 2 *Kent's Com.* 115 ; *Squib*
v. *Win*, 1 *Pr. Will.* 378.

The cases establishing the general doctrine above stated, are
too numerous to be cited.   Many of them will•be found collect-
ed or referred to in *Whitaker* v. *Whitaker*, 6 *Johns. Rep.* 112,
and *Schuyler* v. *Hoyle*, 5 *Johns. C. R.* 196, 206, &c.

But the question now before the court, is, whether the right
of the wife to choses in action, accruing to her during cover-
ture, reverts, or survives to her if she out lives her husband?
Upon this subject there are some conflicting opinions and de-
cisions ; and as it does not appear by our reports, to have re-
ceived a judicial determination in this court, a faithful dis-
charge of duty seems to require at our hands, an examination
and decision of the question.   The counsel for the defendant,
insists, that the choses in action of the wife, accruing during
coverture, vest· *absolutely* in the husband, and in case of his
death before her, go to his personal representatives.   But the
cases and authorities referred to by them, will be found, upon
examination, not to sustain the doctrine they contended for.

In *Com. Dig. tit. Bar. & Fem. E.* 3, it is said, truly, that
chattels given to the wife during coverture, belong to the hus-
band.   But money due on a promissory note, is not a chattel.
Again, the case of a legacy cited from 2 *Rol.* 134, and *Tol.
Exrs.* 225, was where the husband survived : and therefore
only proves the general doctrine before stated.   The case of
*Barlow* v. *Bishop*, 1 *East.* 432, and 3 *Esp. N. P. cas.* 266, and
the case of *Rawlinson* v. *Stone* 3 *Wils. Rep.* 1, 5, serves only to
show, that a *married* woman, cannot negociate by her indorse-
ment, a promissory note given to her.   It has no application to
the question of survivorship.   So too, the real point raised and
decided in *Shuttlesworth* v. *Noyes*, 8 *Mass. Rep.* 229, goes no
farther than to establish the husband's interest in, and control
over, the chose in action during his life.   An attachment had
issued against Noyes, the husband, and the question was,
whether the maker of a note, given to his wife for a debt due
to her, in her own right, should be considered as a trustee, (or
as we would say, a garnishee) for Noyes, so as to subject the
money due on that note to the payment of his debts.   It was

correctly decided that he was such trustee. Mr. Justice Sedgwick, who delivered the opinion of the court, is represented as saying, " it is very clear, that a note payable to a feme covert, is, legally, payable to her husband; he alone, *during his life*, has power to enforce payment or discharge the demand." And this was saying all that was necessary for the decision of the question before the court; and it was said with great propriety and accuracy : for the question of survivorship was not at all involved in the matter; yet the judge is reported to have gone farther, and to have added, " the property (of the note) vests absolutely in the husband, and after his death, it would go to his executors or administrators, and not to the wife." This was certainly saying more than the decision of the case before the court required. But the reporter professes only to give the *substance*, and not the language of the opinion, and therefore, we are not sure it was even an *obitur dictum*. If however, the judge used the expressions attributed to him, we do not feel ourselves constrained, even by the great deference due to his opinions, to adopt his sentiments in this respect.

Nor do the passages cited from *Reeves' Dom. Rel.* 130, maintain the general proposition contended for by the defendant's counsel. The learned author is in that place discussing the question of joinder in action by and against husband and wife; respecting which, and the distinction in such cases between torts and contracts, there is, as Skinner, chief baron expressed it, in *Bidgood* v. *Way*, 2 *Bl. Rep.* 1237, a farrago of cases, that cannot be reconciled. The same remark may be applied to a numerous class of cases, on the distinctions which have been taken between implied and express promises to the wife; and where there is or is not a meritorious consideration moving from her; an examination of which, cannot fail to obscure, instead of illustrating the question now under consideration.

The case of *Lightbourn* v. *Holliday*, 2 *Eq. Cas. abr.* 1·*pl.* 5, and that of *Hodges* v. *Beverly*, *Bunb. Rep.* 188, are cited as authorities against the plaintiff. They are so; and to them may be added, *Bidgood* v. *Way*, 2 *Bl. Rep.* 1237 : for though the right of survivorship was not the question in that case, yet the language of the court strongly implies a denial of such right on the part of the wife. In a late case also, *McNeilage* v. *Halloway*,

1 *Barn. & Ald.* 218. Lord Ellenborough seemed to think, the words "chattels personal," would include negotiable intruments ; and because all chattels personal of the wife, in her own right, at the time of the marriage, are absolutely vested in the husband, (*Co. Litt.* 351, *b.*) that, therefore, a bill of exchange given before marriage, would not survive to the wife. But in this, his lordship has not been followed ; and besides, that point was not before the court : it was a question of the husband's right to sue alone. 1 *Wils. on Exrs.* 549. The law is well settled, that the right of survivorship does not depend on that question. *Philliskirk* v. *Pluckwell.* 2 *Maul. & Selwy,* 393, and cases hereafter cited.

Some confusion has arisen upon this subject, from a distinction made in the books, between choses in action, which belong to the wife at the time of the marriage and such as accrue to her during coverture. In the former case, it is admitted, they do not vest absolutely in the husband : and therefore, that they survive to the wife, if they remain in action at the death of the husband. But in the latter case, it is contended, they vest absolutely in the husband and go to his executors, and not to his wife, although she should survive him. This, however, is not the criterion. There is such a distinction, it is true, and it is necessary to be preserved : but it was not instituted for the purpose of determining the right of survivorship, nor does it at all affect that question. The law distinguishes between those rights in action which exist before coverture, and those which arise afterwards, only because, in the former case, the husband and wife *must* join in the action. *Tol. on Execurs.* 219. Whereas, in the latter case, they may sue jointly, or the husband may sue alone, at his pleasure. *Tol. on Exrs.* 220. But in either case, whether the right in action, existed prior to, or accrued during coverture, the general rule, both at law and in equity is, that choses in action, *remaining such* at the death of the husband, survive to the wife ; unless the husband has, in the language of the books, *purchased* them by a settlement on his wife before or after marriage ; assigned them for a valuable consideration, or released the claim. *Cassel* v. *Carrol,* 11 *Wheat.* 134 ; 150 ; *Blount* v. *Bestland,* 5 *Ves.* 515. It would be almost endless, and certainly useless, to open the books and quote and

comment upon the language of writers and judges in confirmation of this doctrine; but it will be found abundantly sustained by the following authorities, viz: *Co. Litt.* 351, *b.* 2 *Bl. Com.* 433, 435; 2 *Kent Com.* 113, 121; *Clancy on married women,* 338, *ch.* 9; *Tol. on Exrs.* 218, *note* 1; *ibid* 220, *&c.* Brashford v. *Buckingham, Cro. Jac.* 77; *Whitaker* v. *Whitaker,* 6 *Johns. Rep.* 112; *Schuyler* v. *Hoyle,* 5 *Johns. C. R.* 196; *Legg* v. *Legg,* 7 *Mass. Rep.* 99; *Nash* v. *Nash,* 2 *Madd. Rep.* 133; *Phillis-kirk* v. *Pluckwell,* 2 *Maul. & Selw.* 393; *Richards* v. *Richards,* 2 *Barn. & Aldol.* 447, (22 *Eng. Com. Law Rep.* 109.) *Betts* v. *Kempton,* 2 *Barn. & Aldol.* 267, (22 *Eng. Com. Law Rep.* 71.) *Garforth* v. *Bradley,* 2 *Ves. Eld.* 675; *Scawer* v. *Blunt,* 7 *Ves.* 293; *Squib* v. *Win,* 1 *Pr. Wms.* 378; 1 *Wills. on Exrs.* 549, *&c; Udall* v. *Kenney,* 3 *Cowen Rep.* 590.

The law is the same upon a joint promise or contract to him and his wife, *during coverture* in right of his wife. If uncollected in his life time, it will survive to her. *Lodge* v. *Hamilton,* 2 *Serg. & Rawle,* 493; *Schoonmaker* v. *Elmendorf,* 10 *Johns. Rep.* 49.

And if husband and wife sue jointly for a chose in action, whether it existed before, or *accrued after marriage,* and recover judgment, but he dies before execution, the debt will survive to his wife and not go to his executors. *Tol. on Exrs.* 220; *Copping* v. ———, 2 *Pr. Williams* 496, and cases above cited. Lord Hardwicke, in the case of *Bond* v. *Simmons,* 3 *Atk.* 20, 21, goes so far as to assert, that if a husband recovers a judgment at law for a debt due his wife, and dies before execution, the wife would be entitled, and not the husband's executors. Be that, however, as it may, the plaintiff, in this case, having survived her husband, is *prima facie,* entitled to recover; and the notice, stating only the coverture, without shewing that there had been a purchase by settlement, a receipt of the money by the husband in his life time, an assignment by him for a valuable consideration, a release of the debt, or any other special matter, to defeat the plaintiff's title by survivorship, must be overruled, with costs.

FORD, J. concurred.

Notice stricken out.

APPROVED in *Low* v. *Porter,* 2 *Gr.* 516; CITED in *Snowhill* v. *Snowhill,* 1 *Gr. Ch. R.* 36